UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **JOHN REID,** individually and behalf of all others similarly situated<br>℅ Dann Law<br>15000 Madison Avenue<br>Lakewood, OH 44107<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>**MALIBU BOATS, INC.**<br>℅ Jack Springer, Registered Agent<br>5074 Kimberly Way<br>Loudon, TN 37774-6469<br><br>　　　　　Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br>**(Jury Demand Endorsed Hereon)** |

Plaintiff John Reid ("Reid"), individually and on behalf of all others similarly situated, through counsel, brings this action against Defendant, Malibu Boats, Inc. ("Malibu" or the "Defendant"), and allege upon personal knowledge as to his own actions and experiences, and upon information and behalf as to all other matters as follows:

### JURISDICTION AND VENUE

1.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

2.　This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d), because this case is brought as a class action, at least one class member is diverse from one Defendant, there are 100 or more Class members, and the aggregate amount in controversy exceeds $5 million.

3.　This Court has supplemental jurisdiction to hear all state law statutory and

common law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because events giving rise to this claim occurred in this District and Defendant is subject to personal jurisdiction here.

## PARTIES

5. Plaintiff hereby realleges all prior allegations as if fully rewritten herein.

6. Plaintiff John Reid is a resident of Virginia Beach, Virginia.

7. Defendant Malibu Boats, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located at 5075 Kimberly Way, Loudon, Tennessee 37774.

## FACTUAL ALLEGATIONS

8. In or about the spring of 2022 Plaintiff purchased a new 24-foot Cobia brand boat designed and manufactured by Defendant ("Cobia Boat") for personal recreational purposes.

9. The Cobia Boat included an anchoring system intended to be used as a crucial safety component to the vessel for the purpose of stabilizing and keeping the boat in place when not moving on the open water.

10. Anchoring a boat is vital for safety. It helps avoid collisions with other boats and prevents accidental drifting into dangerous areas, like rocks, shallow waters, sand bars or other areas which may leave boaters stranded or encountering life-threatening situations.

11. On August 19, 2022, while using the anchor in open water off the coast of Virginia Beach, VA, the anchoring system failed to function properly, resulting in Plaintiff's Cobia Boat anchor line severing from the boat, the boat drifting, and ultimately beaching on a sand bar.

12. Thus, the anchor's failure and subsequent beaching resulted in damages and

disabling of the Cobia Boat, thereby stranding Plaintiff and his guest in a desolate area without any obvious means of relief.

13. As a result of the anchor failure, Plaintiff required assistance, which Plaintiff ultimately secured from the U.S. Coast Guard who were forced to rescue Plaintiff and his guest via a harrowing helicopter extraction further endangering Plaintiff's life and safety.

14. Due to the incident, Plaintiff incurred charges and expenses for towing the boat to shore, repair costs to the boat, and other expenses related to the repair of a boat that was only in use for a few months. The boat also has diminished value as a result of the damages sustained in the incident.

15. The incident deprived Plaintiff the ability to use the Cobia Boat for a period of several months while the boat underwent repairs.

16. Despite the repairs, which included an engine replacement due to the damage incurred, the incident forever diminished the value of the Cobia Boat given the damages to it and the requirement to disclose such an incident to prospective purchasers.

17. In or about July 2024, Plaintiff had the boat examined by an individual familiar with the operation of similar boats who observed for the first time that the Cobia Boat "windless" anchoring system possesses a significant design flaw in that the anchoring components act to "saw" the anchoring line as it is deployed as suggested by the manufacturer.

18. This "sawing" effect across the anchor line due to the design and/or manufacturing of the anchoring system caused Plaintiff's incident to occur because it compromised the anchor line resulting in the failure of the anchoring system, thereby jeopardizing Plaintiff's life and safety.

19. Given the design, the anchor is likely to fail again on Plaintiff's Cobia Boat and is

3

likely to fail on all other of Defendant's boats that utilize the same or similar anchoring system.

20. Defendant is aware or should have been aware of the design defects but failed to rectify them or provide adequate warnings to users.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of themselves and as a representative of all other persons similarly situated (the "Class") pursuant to Federal Rule of Civil Procedure 23.

22. **Class Definition**: Plaintiff is a member and seeks to represent a nationwide Class pursuant to Civ. R. 23(b)(2), Civ. R. 23(b)(3) and/or ©(4) defined as follows:

> All persons and/or entities in the United States who purchased a boat designed, manufactured, and sold by Defendant within five (5) years from the date of the filing of the Complaint for personal, family or household use, which incorporates this same anchoring system.

23. Excluded from the Class are (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24. Plaintiff reserves the right under Federal Rule of Civil Procedure 23 to amend or modify the Class definitions to include a broader scope, greater specificity, further division into subclasses, or limitations to particular issues.

25. The requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are met in this case.

26. The Fed. R. Civ. P. 23(a) elements of Numerosity, Commonality, Typicality, and Adequacy are all satisfied.

27. **Numerosity:** The Class is so numerous that joinder of all members is impracticable. The exact number of Class members is unknown to Plaintiff but can be determined through discovery.

28. **Commonality:** There are questions of law and fact common to the Class, including but not limited to:

    a. Whether the boat anchors designed, manufactured, and sold by Defendant were defectively designed;

    b. Whether Defendant knew or should have known about the design defects;

    c. Whether the defects in the design were the direct and proximate cause of damages experienced by Class members;

    d. Whether Defendant's conduct constitutes a breach of warranty or negligence;

    e. Whether Plaintiff and the Class were damaged by Defendant's conduct; and

    f. Whether Plaintiff and the Class are entitled to damages, declaratory, injunctive or equitable relief.

29. **Typicality:** Plaintiff's claims are typical of the claims of the putative Class. Plaintiff and Class members purchased the boats with defective anchors and have suffered similar harm as a result of the defective design.

30. **Adequacy:** Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff's interests are aligned with those of the Class, and Plaintiff has retained counsel experienced in class action litigation. Plaintiff has no interests antagonistic to the interests of the other Class members. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the Class members.

31. **Predominance:** Common questions of law and fact predominate over any questions affecting only individual Class members.

32. **Superiority:** Class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications and would not be as efficient as a single class action.

## COUNT I: NEGLIGENCE
### On behalf of the Plaintiff and Class

33. Plaintiff incorporates by reference all prior the allegations contained in the preceding paragraphs as if fully rewritten herein.

34. Defendant owed a duty of care to Plaintiff to ensure that the boat anchor used on its boats is designed, manufactured, and incorporated into the operation of the boat safely.

35. Defendant breached this duty by designing a defective and unsafe product that unreasonably subjects users to harm.

36. As a direct and proximate result of this breach, Plaintiff has suffered damages, including repair costs and diminution of value of the boat.

## COUNT II: BREACH OF WARRANTY
### On behalf of the Plaintiff and Class

37. Plaintiff incorporates by reference all prior the allegations contained in the preceding paragraphs as if fully rewritten herein.

38. Defendant impliedly warranted that the boat anchor was fit for the purpose for which it was intended.

39. The anchor did not meet this warranty as it was defectively designed, causing harm to Plaintiff.

40. As a result of the breach of warranty, Plaintiff has suffered damages, including repair costs and diminution of value of the boat.

### COUNT III: Violation of Virginia Consumer Protection Act
**On behalf of the Plaintiff and Class**

41. Plaintiff incorporates by reference all prior the allegations contained in the preceding paragraphs as if fully rewritten herein.

42. Defendant engaged in deceptive acts or practices in violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-200, including but not limited to intentionally misrepresenting that its boats have anchoring systems that are sufficiently safe for operation despite knowing that the system is not designed properly and is likely to fail.

43. Defendant's actions are deceptive acts or practices intended to mislead consumers and resulted in harm to Plaintiff and the Class.

44. As a result of Defendant's violations of the Virginia Consumer Protection Act, Plaintiff and the Class have suffered damages, including but not limited to repair costs or diminution in value of their boats.

### COUNT IV: INJUNCTIVE RELIEF
**On behalf of the Plaintiff and Class**

45. Plaintiff incorporates by reference all prior the allegations contained in the preceding paragraphs as if fully rewritten herein.

46. Defendant's continued sale of boats with defective anchoring systems poses a substantial risk of future harm to consumers.

47. Plaintiff and the putative Class are entitled to injunctive relief to prevent ongoing harm caused by the defective boat anchors.

48. As a result, Plaintiff seeks an injunction requiring Defendant to:

a. Cease the sale, distribution, and marketing of the boats with the defective anchoring system;

b. Notify all purchasers of the boats with the defective anchors about the design defects and provide instructions for returning or remedying the defective products;

c. Implement corrective measures to address and rectify the design defects in the boat anchors.

49. An injunction is necessary to prevent further harm and to protect the interests of the public and Class members.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of the Classes, requests that the Court:

A. Certify this case as a class action on behalf of the Classes defined above, appoint Plaintiff as the Class representative, and appoint the undersigned counsel as Class counsel;

B. Award compensatory damages to Plaintiff and the Class in an amount to be determined at trial on counts One and Two of the Complaint;

C. Award any statutory damages available under Virginia's Consumer Protection Act;

D. Grant injunctive relief requiring Defendant to cease the sale, distribution, and marketing of the boats with defective anchors and to take corrective measures;

E. Award Plaintiff costs and attorneys' fees

F. Award Plaintiff and Class members pre- and post-judgment interest, to the extent allowable; and

G. Award such other and further relief as equity and justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Respectfully submitted on this 19th day of August, 2024.

/s/Brian D. Flick
Brian D. Flick (OH #0081605)
Marc E. Dann (OH #0039425)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com

Brent Snyder (TN Bar #021700)
*Of Counsel*
DannLaw
2125 Middlebrook Pike
Knoxville TN 37921
(865) 264-3328
bsnyder@dannlaw.com

*Attorneys for Plaintiff and the Putative Class*